UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE NORTHERN ASSURANCE COMPANY
OF AMERICA, a foreign corporation,

        Plaintiff,                       CASE No. 8:10-cv-01869-JDW-MAP

vs.

CUSTOM DOCKS BY SEAMASTER,
INC., a Florida corporation; HARBOR BAY
COMMUNITY DEVELOPMENT
DISTRICT, a Florida development district;
and WOODRUFF & SONS, INC., a foreign
corporation,

        Defendants.
_____/

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, HARBOR BAY COMMUNITY DEVELOPMENT DISTRICT, a Florida development district ("Harbor Bay"), by and through its undersigned counsel, hereby answers the correspondingly numbered allegations of the Complaint for Declaratory Judgment filed by Plaintiff, THE NORTHERN ASSURANCE COMPANY OF AMERICA, a foreign corporation ("Northern Assurance"), as follows:

        1.        Admitted for purposes of jurisdiction.

        2.        Admitted on purposes of venue.

        3.        Admitted.

        4.        Admitted.

        5.        Admitted.

        6.        Admitted.

7. Defendant possesses insufficient information to either admit or deny, therefore Denied.

8. Defendant possesses insufficient information to either admit or deny, therefore Denied.

9. Defendant possesses s insufficient information to either admit or deny, therefore Denied.

10. Admitted.

11. The document speaks for itself, but Admitted that, among other allegations, it was alleged that in late 2005 berm erosion was noted and that Custom Docks had performed construction during the years 2001 and 2002.

12. The document speaks for itself.

13. Defendant possesses insufficient information to either admit or deny, therefore Denied.

14. Admitted, but upon information and belief, docks may have been constructed beyond 2003.

15. Defendant possesses insufficient information to either admit or deny, therefore Denied.

16. Defendant possesses insufficient information to either admit or deny, therefore Denied.

17. Admitted that problems with the seawall began occurring prior to 2005. As to the remainder of the allegation, Defendant possesses insufficient information to either admit or deny, therefore Denied.

18.     Admitted that Defendant made a claim against Woodruff who in turn made a claim against Custom Docks.  As to the remainder of the allegation, Defendant possesses insufficient information to either admit or deny, therefore Denied.

## COUNT I
(This count does not appear to be addressed to Harbor Bay, but in an abundance of caution Defendant responds as follows:)

19.     Defendant re-avers Paragraphs 7 through 18 as if each were set forth fully here.

20.     The Document speaks for itself.

21.     Damages to the seawall and surrounding areas were likely occurring prior to August 23, 2005, but the cause and extent of those damages were not known until 2005.

22.     Defendant possesses insufficient information to either admit or deny, therefore Denied.

23.     Defendant possesses insufficient information to either admit or deny, therefore Denied.

24.     Defendant possesses insufficient information to either admit or deny, therefore Denied.

25.     Admitted for purposes of jurisdiction only.

## COUNT II
(This count does not appear to be addressed to Harbor Bay, but in an abundance of caution Defendant responds as follows:)

26.     Defendant re-avers Paragraphs 7 through 18 as if each were set forth fully here.

27.     The Document speaks for itself.

28.     The Document speaks for itself.

29. Denied. Due to Custom Docks' negligent work, other property has been damaged and will continue to be damaged. As to the remainder of the allegation, Defendant possesses insufficient information to either admit or deny, therefore Denied.

30. Admitted for purposes of jurisdiction only.

## COUNT III
(This count does not appear to be addressed to Harbor Bay, but in an abundance of caution Defendant responds as follows:)

31. Defendant re-avers Paragraphs 7 through 18 as if each were set forth fully here.

32. The Document speaks for itself.

33. The Document speaks for itself.

34. Defendant possesses insufficient information to either admit or deny, therefore Denied.

35. Defendant possesses insufficient information to either admit or deny, therefore Denied.

36. Admitted for purposes of jurisdiction only.

## COUNT IV
(This count does not appear to be addressed to Harbor Bay, but in an abundance of caution Defendant responds as follows:)

37. Defendant re-avers Paragraphs 7 through 18 as if each were set forth fully here.

38. The Document speaks for itself.

39. Denied.

40. Defendant possesses insufficient information to either admit or deny, therefore Denied.

41. Admitted for purposes of jurisdiction only.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on <u>September 14, 2010,</u> I electronically filed the foregoing with the Clerk of Court by using the CM/CEF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

| | |
|---|---|
| Timothy A. Hunt, Esq.<br>Attorney for Defendant<br>Woodruff & Sons, Inc.<br>HILL WARD HENDERSON<br>101 East Kennedy Blvd., Suite 3700<br>Tampa, Florida 33602-5195 | James N. Hurley, Esq.<br>Damon T. Hartley, Esq.<br>Attorneys for Defendant<br>Custom Docks By Seamaster, Inc.<br>FOWLER WHITE BURNETT, P.A.<br>1395 Brickell Ave., 14th Floor<br>Miami, Florida 33131-3300 |

.

          s/ Adam M. Wolfe_____
Adam M. Wolfe, Florida Bar No. 0096768
Steven R. Medendorp, Florida Bar No. 0659312
Counsel for Defendant Harbor Bay Community
Development District, a Florida development
district
**BRICKLEMYER SMOLKER & BOLVES, P. A.**
500 East Kennedy Boulevard, Suite 200
Tampa, Florida 33602
Telephone: 813.223.3888
Facsimile: 813.228.6422
AdamW@BSBfirm.com
StevenM@bsbfirm.com