UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

      Plaintiff,

vs.                                        Case No. 8:10-CV-1869-T-27MAP

CUSTOM DOCKS BY SEAMASTER, INC.,
et al.,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Woodruff & Sons, Inc.'s motion to dismiss, or alternatively, to stay (Dkt. 10). Upon consideration, the motion (Dkt. 10) is GRANTED *in part*.

### Background

In this action, Northern Assurance Company of America ("NACA") requests a declaratory judgment regarding its duties to defend and indemnify its insured, Custom Docks by Seamaster, Inc., in a separate action that is currently pending in state court. NACA is defending Custom Docks on claims filed by the plaintiff in that action, as well as a cross-claim filed by Woodruff & Sons, Inc. NACA alleges that its policy does not provide coverage for the plaintiff's claims or Woodruff & Sons' cross-claims and therefore there is no duty to defend or indemnify Custom Docks.

Woodruff & Sons moved to dismiss or stay this action. Woodruff & Sons argues that NACA's factual allegations are sparse and fail to state a cause of action. Woodruff & Sons further argues that the state court action is still pending, leaving unresolved the factual issues that bear on NACA's indemnity obligations.

### Discussion

Fed. R. Civ. P. 8(a)(2) requires a complaint to provide "'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). A complaint need not include "detailed factual allegations." *Id.* A complaint will survive a motion to dismiss under Rule 12(b)(6), as long as the pleading alleges sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570.

Woodruff & Sons contends that NACA has not pled sufficient facts to comply with Rule 8(a)(2). The allegations specifically mentioning Woodruff & Sons are indeed slim. NACA simply alleges the existence of Woodruff & Sons' cross-claim seeking indemnification from Custom Docks for claims the state court plaintiff filed against Woodruff & Sons. But the relief NACA seeks in this action is a declaration that its policy does not provide coverage for that cross-claim. Woodruff & Sons is therefore a party that is potentially interested in the proceeds of NACA's policy. In its complaint, NACA explained the facts and policy language which, it believes, preclude coverage for the cross-claim. This is sufficient to comply with Rule 8(a)(2).

Woodruff & Sons' second argument is that this case is not ripe for declaratory judgment because the facts in the underlying case are unresolved. In addressing this issue, courts have drawn a sharp distinction between the duty to defend and the duty to indemnify. "It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005). The duty to defend is therefore determined solely by allegations in the complaint, not by facts which are subsequently determined in resolving the matter. *Id.* at 443. Accordingly, an action to determine the existence of a duty to defend ripens upon the filing of the complaint. *See id.* NACA's request for a declaration regarding its duty to defend is unquestionably ripe.

The duty to indemnify, by contrast, depends on the outcome of the underlying action. This

duty is "measured by the facts as they unfold at trial or are inherent in the settlement agreement." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Id.*; *see also Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008).

It is undisputed that the state court action is still pending. NACA's request for a declaration regarding its duty to indemnify will not be ripe until that action has concluded. But there is a caveat. If it is determined that NACA has no duty to defend its insured, then there would be no corresponding duty to indemnify. *See, e.g., WellCare of Fla., Inc. v. American Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 907 (Fla. 2d DCA 2009); *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 422 (Fla. 3d DCA 1995). Accordingly, NACA's request for a declaration as to its indemnity obligations must be abated until (1) there has been a determination that NACA has no duty to defend the state court action, or (2) the state court action has concluded.

Woodruff makes an additional argument that this action should be dismissed pursuant to *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). In *Ameritas*, the Eleventh Circuit set forth several factors for consideration in determining whether a federal court should exercise its discretion to dismiss a declaratory judgment action in favor of a parallel state court proceeding.[1] 411 F.3d at 1331. But as a threshold matter, there must be "parallel litigation in the

---

[1] The factors in *Ameritas* include "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'-that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." 411 F.3d at 1331. Contrary to Woodruff & Sons' argument, several of these factors, if they applied to this action, would weigh against dismissal.

state courts," *i.e.*, "another suit . . . pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 1330-31 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Indeed, "[i]t is an abuse of discretion . . . to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000).

Woodruff & Sons has not identified any state court proceeding that will resolve the question of whether NACA is required to defend or indemnify its insured. There has been no demonstration that the matter of insurance coverage is before the state court in the underlying action or that NACA is even a party to that action. In the absence of a parallel state court proceeding, there is no basis for the dismissal of this action pursuant to *Ameritas*. *See id.*; *Smithers*, 563 F. Supp. 2d at 1348.

## Conclusion

Accordingly, Woodruff & Sons, Inc.'s motion to dismiss, or alternatively, to stay (Dkt. 10) is GRANTED *in part,* to the extent that NACA's request for a declaratory judgment as to its indemnity obligations is abated until (1) there has been a determination that NACA has no duty to defend the state court action, or (2) the state court action has concluded. The motion is denied in all other respects. Woodruff & Sons shall file an answer within 14 days.

**DONE AND ORDERED** this 12th day of January 2011.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record